UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMI P. MCDONALD,
    Plaintiff,

v.                                                    Case No. 3:19cv4657/RV/EMT

DR. JAMES HOWELL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jimi P. McDonald ("McDonald"), an inmate of the Walton County Jail ("Jail") proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons given below, the court recommends that this action be dismissed as malicious.

Because McDonald is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier which had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of

another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting dismissal of his pro se § 1983 action, because prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs

charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under sections 1915(e)(2)(B)(i) and 1915A(b)(1). Section IV of the complaint form requires McDonald to disclose

information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4–5).[1] Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.* at 5). McDonald responded "No" (*id.*). At the end of the civil rights complaint form, McDonald signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 8) (emphasis in original).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Case No. 3:19cv4657/RV/EMT

*Spires v. Taylor*, Case No. 3:00-cv-249/RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that at the time McDonald filed his complaint in this case, on October 18, 2019, he had a prior action dismissed as frivolous under § 1915A by the United States District Court for the Northern District of Illinois. *See McDonald v. White, et al.*, Case No. 1:11-cv-2006, Complaint, ECF No. 1 (N.D. Ill. Mar. 23, 2011); Written Opinion, ECF No. 5 (N.D. Ill. May 5, 2011).[2] The case McDonald filed in the Northern District of Illinois was responsive to Question D of Section IV of the complaint form, but McDonald did not identify it in response to that question or anywhere else on the complaint form.

---

[2] McDonald has a very distinctive signature, and the signature on the Complaint in the instant case (*see* ECF No. 1 at 8) is the same as the signature of Plaintiff Jimi P. McDonald in the Illinois case. *See McDonald v. White, et al.*, Case No. 1:11-cv-2006, Complaint, ECF No. 1 (N.D. Ill. Mar. 23, 2011).

The court is authorized to control and manage matters such as this case pending before it, and McDonald's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, McDonald falsely responded to a question on the complaint form, as detailed above. McDonald knew, or from reading the complaint form should have known, that disclosure of his prior action(s) was required, and that dismissal of this action may result from his untruthful answers.[3] If McDonald suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow McDonald's false response to go unpunished.

---

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 4) (emphasis and capitalization in original).

Case No. 3:19cv4657/RV/EMT

Page 8 of 9

The court recommends that an appropriate sanction for McDonald's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4, 5] *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). McDonald is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam)

---

[4] Providing McDonald an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that McDonald failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). McDonald states the alleged constitutional violations occurred from April of 2019 to October of 2019 (when he filed his Complaint) (*see* ECF No. 1 at 6–7). He thus has more than adequate time to file another civil rights action.

(pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.	That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2.	That the clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 18th day of November 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**